OPINION OF THE COURT
William H. Keniry, J.
This CPLR article 78 proceeding focuses on a narrow procedural issue arising in a disciplinary proceeding initiated against a tenured teacher.
*762 Petitioner is a social studies teacher employed by the Her-ricks Union Free School District (the school district). In September 1991, the school district instituted formal disciplinary proceedings against petitioner under section 3020-a of the Education Law. Petitioner demanded a hearing. Section 3020-a provides for a three-member panel to hear the charges. The statute provides for the teacher and school district to each select a panel member from a list maintained by the respondent, Commissioner of Education of the State of New York. The third panel member, denominated the chairman, is chosen by "mutual agreement of the first two, or, if they fail to agree, by the commissioner of education from a list supplied by the American Arbitration Association [AAA]” (Education Law § 3020-a [3] [c]).
Respondent promulgated the following regulation (8 NYCRR 82.7) which is directly relevant to this proceeding.
"82.7 Selection of chairman of the panel, (a) Not less than seven days before the date scheduled for the hearing the panel members chosen by the board and the employee shall by certified mail or telegram advise the commissioner of the name of the person chosen as the chairman of the panel, or that no agreement as to a chairman of the panel has been reached.
"(b) If such notice is not received by the commissioner at least five days before the date scheduled for the hearing he shall select the chairman of the panel.”
Upon receipt of the petitioner’s request for a hearing, the respondent scheduled the hearing to commence on October 30, 1991 as he was statutorily mandated to do (Education Law § 3020-a [3] [a]).
Petitioner and the school district each designated a panel member. The two members thereafter selected five individuals from the AAA list which they deemed acceptable to serve as panel chairman. The five names were forwarded to the respondent. The five were contacted. All five, for various reasons, either declined to serve or were not available to serve on the designated date. On October 25, 1991, respondent, acting pursuant to section 82.7 of the regulations, appointed James P. Walsh as the panel chairman.
This proceeding was commenced by order to show cause signed October 29, 1991. Petitioner contends that respondent’s designation of the panel chairman violated section 3020-a (3) *763 (a) of the Education Law inasmuch as there was no failure to agree on the selection of a chairman on the part of the designated panel members. Petitioner contends that respondent acted in violation of law and that his selection of James P. Walsh as chairman was arbitrary, capricious and improper. The disciplinary hearing has been stayed pending resolution of this threshold issue.
Issue has been joined. Respondent avers that the failure of the two designated panel members to timely serve notice upon him that a chairman had been chosen permitted him to select the chairman under section 82.7 (b) (8 NYCRR).
The court has found no judicial precedent to guide it in resolving this issue.
It has long been recognized that the State Commissioner of Education is vested with wide discretion in the management of school affairs (Ware v Valley Stream High School Dist., 75 NY2d 114, 122). The Legislature has specifically provided in section 3020-a (3) (c) of the Education Law that the Commissioner could appoint the panel chairman in the event that the first two panel members "fail to agree”. The Commissioner is also statutorily authorized by section 3020-a (3) (c) to adopt rules and procedures governing the conduct of disciplinary hearings.
The two initial panel members identified five individuals on the AAA list who would be acceptable. Yet rather than directly contacting said five persons to determine whether one would accept the appointment, the panel members simply notified the Commissioner of the five acceptable candidates. The Commissioner contacted the five and found that none of the five would accept the appointment.
The two panel members failed to comply with section 82.7. They failed to dispatch a certified letter or telegram to the Commissioner designating a chairman seven days before the hearing. The mere identification of acceptable candidates does not, in the court’s opinion, satisfy the regulation.
Respondent, not having been duly notified that a chairman had been selected, acted within his authority in appointing Mr. Walsh. The respondent’s action was not arbitrary or capricious.
The petition is dismissed without costs.